**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

RONALD JOSEPH TORRES ROMAN,
Individually and on behalf of all others
Similarly situated,

      CASE NO.:

    Plaintiff,

v.

BURGER KING CORPORATION,

    Defendant.

---

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

---

COLLECTIVE ACTION| DEMAND FOR JURY TRIAL

Mitchell L. Feldman, Esq.
FELDMAN LAW GROUP, PA
mfeldman@ffmlawgroup.com
Tel. (813) 639-9366
Fax (813) 639-9376

1715 N. Westshore Blvd., Suite #400
Tampa, Florida 33607
L*ead & Trial Counsel for the Class & Attorneys for Plaintiff and Putative Class*

**SUMMARY OF THE ALLEGATIONS**

Defendant has willfully chosen to uniformly misclassify a group of employees training to become Operation Coaches as exempt from the overtime wage provisions of the Fair Labor Standards Act ("FLSA"). This was done so the Defendant would not have to pay their employees overtime while they were waiting for positions to open up, as

Defendant continually hired for this position where the supply far exceeded the available positions. Due to high turnover, Defendant filled these spots like the NFL keeps a practice squad, waiting until someone quit or was fired, but in the interim working many hours in restaurants performing non-exempt duties without being compensated for overtime hours worked. This decision was made at the highest corporate level, was wrong, and the actors knew it. The policy saves millions of dollars in labor costs. In fact, years of litigation (even if unsuccessful), is more cost effective then complying with the law due to its rolling statute of limitations. Said simply, this was a business decision to purposefully evade our country's national wage and hour law - the FLSA.

The employees here are and were enrolled in Burger King's corporate Leadership Development Program training to become Coaches and other types of Managers and do not partake in a traditional training program on a day to day basis. They spend only one day a week at Burger King Headquarters formally training for their future position. Rather, these trainees are forced to work ten (10) to thirteen (13) hour days cooking french-fries and flipping hamburgers at local Burger King Restaurants four (4) days per week, and sometimes longer. Plaintiff, and the class of similarly situated employees, were all paid a base salary and treated as exempt employees while they performed nonexempt job duties throughout their training to become Operation Coaches and other Managers. However, these employees fail the Executive Exemption as they do not supervise other employees; and likewise fail the administrative exemption as their primary job duty does not involve the use of discretion and independent judgment related to management of the company. Indeed, they lack discretion to make meaningful decisions, they do not promulgate or carry out corporate policy, and they do not supervise

employees. Although the titles of Operations Coach or other Managers may itself lead to a salary exempt position, when actually working in that capacity, here, these employees while training, primarily are working as restaurant, non-exempt employees performing menial laborious tasks, including, operating cash registers, cleaning bathrooms, greeting and serving customers, and cooking food.

The primary job duty of the Operation Coach and other employees in the Leadership Development Program is to fill in where needed at restaurants for the benefit of the company, not the employees. After cooking food for a few days, that should be all that is necessary for the benefit of the employees to understand how things are done, rather than the numerous months in which they toil away working long hours as a restaurant employee.

They are mandated to work overtime, and even prevented from taking reasonable lunch breaks. There simply is no reason they are forced to work over eight (8) hours in a day cooking food. As a result, the class has been grossly underpaid and overworked. Defendant knows the workings of the FLSA and has likely faced challenges before. Defendant closely supervises this class of employees and is well aware of the overtime hours worked by the class.

The Unlawful pay practices of Burger King did not end with just the training program, as after employees were placed in permanent positions of Sales and Operations Coaches, they continued to perform work which does not satisfy any exemption under the FLSA. Defendants willfully misclassified the position of Sales and Operations Coach again for the purposes of saving millions of dollars in labor costs.

Plaintiff and the class of similarly situated employees seek a declaratory judgment

that that the Defendant has violated the FLSA, and they seek to be paid for all hours worked in excess of forty (40) per workweek, within the statute of limitations, an equal amount in liquidated damages, plus attorneys' fees and costs.

## INTRODUCTION

Plaintiff, RONALD JOSEPH TORRES ROMAN (herein after referred to as "Mr. Torres-Roman" or "Plaintiff") individually, and on behalf of all others (similarly situated who consent to their inclusion in a collective action within the preceding three (3) years of this action, to and through the date of the final disposition of this action), along with all others who were within the three (3) years preceding the filing of this complaint, or who are now employed by the Defendant as trainees in the Burger King Leadership Development Program, including all Operations Coaches and other Managers in training, and all Sales, Profit and Operation Coaches at any time within the FLSA's applicable statute of limitations, sues Defendant, Burger King Corporation (hereinafter referred to as "Burger King" or "Defendant"), pursuant to *29 U.S.C. 216(b)*, the FLSA, and states as follows:

1. Plaintiff brings this action for violation of federal and wage and hour laws by and on behalf of all similarly situated current and former employees of Defendant.

2. Pursuant to a corporate policy and plan, the Plaintiff and similarly situated current and former employees have been given the title of trainees, and/or Operations Coach trainees, or other Manager trainees, and unlawfully misclassified by Defendant as exempt employees to avoid compensating them for time worked in excess of forty (40) hours per week.

3. Pursuant to a corporate policy and plan, Plaintiff and similarly situated

4

current and former employees working under the title of Sales, Profit and Operations Coach were willfully misclassified by Defendant as exempt employees to avoid compensating them for the time worked in excess of forty (40) hours per week.

4. Defendant failed to pay Plaintiff and similarly situated employees in accordance with the FLSA. Specifically, Plaintiff and similarly situated employees were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per week. Plaintiff and similarly situated employees did not and currently do not perform work that meets the definition of exempt under the FLSA either while in training nor when placed in the position of Sales, Profit and Operations Coach.

5. In this pleading, the term "Trainee" means all employees enrolled in Defendant's Leadership Development Program training to become Operation Coaches or other Managers, and any other titles in which the employees were placed at restaurants/stores working four (4) plus days per week performing restaurant duties, or those employees assigned any other title where employees were subjected to the same work conditions as Plaintiff.

6. In this pleading, "Defendant" means the named Defendant: Burger King Corporation, and any other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

7. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

*8.* This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves federal questions under the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216 (b)*.

9. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

10. This Court has personal jurisdiction over this action, because the Defendant operates substantial business in Miami-Dade County, Florida, and some of the damages at issue occurred in Miami-Dade County, Florida.

11. Venue is proper to this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this District where Defendant's corporate offices are located.

## THE PARTIES

### The Representative Plaintiff

12. Ronald Joseph Torres Roman resides in Marion County, Florida, and while an employee of Defendant resided in Palm Beach County, Florida. He commenced his employment with Burger King Corporation as a "trainee" on or about Jul7 23, 2012 until placed in a permanent full time position as a Sales, Profit and Operations Coach on or about December 28, 2012. Plaintiff then was terminated from employment on or about April 4, 2013.

13. Plaintiff was a "trainee" in the Defendant's Leadership Development Program, training to become an Operation Coach, and performed nonexempt duties at

various Burger King Restaurants throughout Florida. When he became a permanent Coach, he worked in Virginia.

14. He was an employee of Burger King during this time as contemplated by 29 USC § 203 and up until his termination in April, 2013.

### The Defendant

15. Defendant, Burger King Corporation, is a Florida For Profit Corporation with its principal place of business at 5505 Blue Lagoon Drive, Miami, Florida 33126. Defendant, Burger King Corporation, may be served through its registered agent for service of process, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324. Upon information and belief, Defendant owns, operates or supervises all Burger King Restaurants in the United States.

### NATURE OF THE ACTION
### AND THE NATIONAL CLASS OF ASSISTANT MANAGERS

16. This collective action arises from an ongoing wrongful scheme by Burger King to willfully misclassify its Sales, Profit and Operation Coaches (hereinafter "Coach" or "Coaches") as exempt from the overtime benefits due under the FLSA, including all trainees and Coaches.

17. Plaintiff brings this suit on behalf of a collective class of similarly situated persons composed of the following Class and subclass:

CLASS A:

> All persons currently employed by Burger King or previously employed by Burger King within the past three (3) years preceding the filing of this lawsuit in the position of Sales, Profit and Operation Coach who elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b).

       Herein (the "Collective Class A")

CLASS B:

> All persons currently employed by Burger King or previously employed by Burger King within the past three (3) years preceding the filing of this lawsuit who were classified as a "trainee" and enrolled in the Burger King Leadership Development Training program, Operational Management Program, or other Management Program, for position such as Coaches or Managers who elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b).

18.    Mr. Torres Roman believes that he can adequately represent the Collective Class and consents to doing so.

19.    Mr. Torres Roman is a proper Class representative as he was employed by Defendant first as an Operation Coach in training, (Trainee) in the Burger King Leadership Development Program, and then promoted to the Sales, Profit and Operations Coach position.

20.    Plaintiff alleges for himself, and on behalf of the class who elect to opt-in to this action that he is entitled to unpaid wages from the Defendant for overtime work for which he did not receive overtime premium pay, as required by law.

## FACTUAL BACKGROUND

21.    Burger King operates more than 10,000 fast food restaurants nationwide.

22.    Upon information and belief, all restaurants are uniform in management, and the restaurants are mirror images of each other.

23.    Upon information and belief, all or substantially all restaurants operate with the same training models for employees, career paths, job titles, hierarchy, and employee policies and procedures.

24. Upon information and belief, all employees enrolled in the Burger King Leadership Development Program or Operation Coach training program must work at restaurant locations performing nonexempt duties for several months at a time if not longer.

25. The overtime wage provisions set forth in FLSA §207 apply to Burger King, who engages in commerce under the definition of the FLSA. Indeed, at all relevant times, Defendant engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA Sec. 203.

26. Defendant has, at all relevant times herein, grossed more than $500,000.00 in operating revenues during each of the last ten fiscal years.

27. The position of Trainee for those still in training, is not a position that falls within any exemptions within FLSA §213.

28. The Operation Coach Position job description is the same for all states and the training procedures are the same for all states, and likewise does not satisfy or fall within any exemption within FLSA §213.

29. Plaintiff and other similarly situated employees are currently or have previously been covered under FLSA §207.

30. Pursuant to FLSA §207, Burger King, as the employer of Mr. Torres Roman and other similarly situated employees, was and is required to pay one and one-half times each employee's hourly rate for hours worked in excess of forty (40) hours per week.

**PLAINTIFF TORRES ROMAN**

31. Mr. Torres Roman worked for Burger King from July, 2012 until April,

2013, first training to become an Operation Coach, while enrolled in the Burger King Leadership Development Program, and then promoted on or about December 28, 2012 to a full time Sales, Profit and Operations Coach position until his termination.

33. Plaintiff's duties while training to become an Operation Coach primarily involved menial, non-exempt tasks such as flipping hamburgers, cooking, cleaning, and assisting customers while working in numerous Burger King Restaurants.

33. While a trainee and a Coach, Plaintiff did not have the ability to supervise, hire, or fire other employees. Only the store/restaurant Manager(s), who was in a superior position to Plaintiff as a trainee, could supervise, hire, and fire employees. The General Manager (or store manager) made all the decision whether to hire a candidate or not.

34. Plaintiff's work while a trainee and a Coach did not involve the exercise of discretion and independent judgment. He had no authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.

35. Plaintiff as a trainee and as a Coach did not supervise any employees and did not have any subordinate employees he could or did delegate work to.

36. Plaintiff, while a trainee or as a Coach did not have the authority to promote employees, determine their pay rates or benefits, or give raises, hire or fire. He was unable to make personnel decisions.

37. Plaintiff, as a trainee nor as a coach did not have the authority to decide whether or not an employee should be disciplined for an infraction or what the discipline would be. Disciplinary decisions were made by Plaintiff's superiors, store managers or

general managers and/or dictated by Defendants' company policies.

38. Plaintiff was not in reality any sort of "Coach" in any respect while training; regardless the FLSA does not provide an exemption for the position of "coach". The primary job duty of Plaintiff and that of a Coach trainee was to work as a low level cook, restaurant hourly employee and learn how to perform the basic jobs in a restaurant.

39. When Plaintiff was finally promoted to a Coach position, he found that the position did not involve supervising 2 or more full time employees such that the position could not satisfy the executive exemption.

40. Moreover, when Plaintiff worked as a Coach, DEFENDANT made it clear to Plaintiff and all other Coaches that they are not the boss of any of the restaurant employees; they don't supervise any employees; they don't have discretion to make any decisions regarding the restaurants; they do not have decision making authority; and do not use their independent judgment and discretion to make decision affecting the company.

41. Defendant made it clear to Plaintiff and the Coaches that even if they make a recommendation as to any changes in a restaurant they observed that such opinions or recommendations carry no particular weight with the restaurant managers or owners, and that the restaurant managers or owners are free to reject all such recommendations or opinions.

42. It was abundantly clear to Plaintiff that the primary job duty of the Coach did not involve the ability to use his discretion and independent judgment to make decisions of significance affecting the company such that the Coach position does not satisfy the Administrative Exemption.

43. Further, since the Coach position cannot satisfy the elements of either the Executive or Administrative exemption, no other exemptions in the FLSA apply.

44. Plaintiff was paid a salary which was based on working forty (40) hours per week at all times.

45. However, during the training program, Plaintiff routinely worked over 40 hours each week, up to fifty-five (55) hours of work; and then as a Coach, Plaintiff routinely worked over 40 hours per work week, including at times 60 hours per week again without overtime compensation.

46. Plaintiff was required to work through lunches receiving no break and no pay for those hours, and also drove up to 4 hours to a restaurant and back in a day, such that his days had even 8 or more hours of driving plus the time in the restaurants.

47. Plaintiff worked these hours throughout his employment training with Burger King and as a Coach.

48. Plaintiff worked at more than one Burger King Restaurant while training, and was forced to commute large distances to get to and from the work sites.

49. When Plaintiff worked in a restaurant as a trainee, he was told by the managers and Defendant that he was not part of the management of the restaurant.

50. Plaintiff also had to attend training sessions at the corporate office, he had to study and prepare for examinations outside the scheduled time without compensation and not on the clock.

51. Plaintiff spent upwards of 4 months toiling away as a restaurant laborer, performing non-exempt duties, and for the benefit of the Defendant and its restaurants.

52. Plaintiff received no benefit after having performed the various duties of

the restaurant employees or stations for more than a few days, and Defendant continued to require that he and similar trainees toil away and work long hours until they found or created an opening for which he was being trained for.

53. Defendant, from the beginning of the employment, failed to inform Plaintiff and the class of similarly situated employees of the length of the training program and the details that she would be working in restaurants four (4) days or more per week and for many months.

54. Trainees were not advised that the reason they were toiling away in the training program working in restaurants for many months was that the Defendant knew that the number of open positions could not accommodate the number of trainees.

55. When Plaintiff commenced work as a Coach, the job was routine, and without discretion or ability to make any decisions, and that his primary duty was merely to follow an evaluation form using a tablet and score the store. While Plaintiff could give his own personal recommendations on things the restaurant could do to improve, such opinions carried no weight and did not involve him making decisions.

56. Coaches do not supervise 2 or more full time employees.

57. The Defendant has willfully violated FLSA §207 by failing to pay Plaintiff and others similarly situated the proper overtime compensation for all hours worked in excess of forty (40) per week.

58. Upon information and belief, for the three-year period before this filing, (the "Class Period"), the violations of FLSA §207 that are complained of herein have been practiced and imposed upon all Burger King Operation Coach employees, both during training on a nationwide scale. There are more than 10,000 restaurants

nationwide, each modeled with uniformity and upwards of 500 or more Coaches within this class. While trainees all worked in Florida, the Coaches when placed worked across the U.S.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

59. Plaintiff brings this FLSA claim on behalf of all employees enrolled in the Leadership Development Program as trainees, including those in the Operation Management Program or other Management program who are currently employed as a trainee or who have attended this training program at any time during the past three (3) years, (the Class Period).

60. Plaintiff also brings this FLSA claim on behalf of all employees of Defendant working under the title of Coach (Sales, Profit and Operations Coach) currently employed or who were employed in the period of 3 years preceding the filing of this lawsuit (the class period).

61. Burger King has willfully misclassified trainees and coaches as salaried, exempt employees for the purpose of avoiding the overtime pay provision of the FLSA.

62. Burger King has intentionally and repeatedly engaged in the practice of misclassifying trainee and Coach Employees as salaried exempt employees under the FLSA for the purpose of minimizing payroll and increasing profitability.

63. The trainees received little if any benefit from working and toiling away for months in restaurants performing non-exempt duties such as cooking, cleaning, customer service. After a day or more or even a few days, they understood the position, and beyond that were no longer receiving any sort of benefit to be used in the positions to which they were training for.

64. However, Defendant did not have open positions for all the trainees, and therefore kept the trainees working in restaurants four (4) days per week months longer than necessary to train for the position they were hired for.

65. Only the Manager exercises discretion and judgment and has the authority to make independent decisions on matters that affect the business as a whole.

66. Burger King is liable under the FLSA for failing to properly compensate Operation Coach Employees in training who worked over forty (40) hours per week, and as such, notice should be sent to past and current employees of Burger King. These similarly situated employees would benefit from the issuance of a court supervised notice regarding the present lawsuit and the opportunity to join in the present lawsuit pursuant to FLSA §216(b). These similarly situated employees are known to Burger King, are readily identifiable, and can be located only through Burger King's records.

67. Burger King required Plaintiff, including all other trainees and Coaches to routinely work well over forty (40) hours each work week, and without providing a basis under the FLSA of any exemption.

68. Upon information and belief, this policy is a corporate decision and is applied uniformly to all other similarly situated Operation Coach Employees and trainee employees.

69. Defendants acted without any good faith basis under the FLSA for misclassifying the trainees and coach positions as exempt from overtime.

70. Defendants conduct in misclassifying the position of trainee and coach as exempt was willful, and intended to save millions of dollars in overtime wages it would otherwise have been required to pay.

**COUNT I - VIOLATION OF FLSA §207**

71.     Plaintiff alleges and incorporates by reference paragraphs one (1) through seventy (70) of this Complaint and fully restates and re-alleges all facts and claims herein.

72.     Burger King has willfully and intentionally engaged in a nationwide pattern and practice of violating the provisions of the FLSA, by misclassifying trainee and Coach employees as exempt under the FLSA overtime wage provision, thereby improperly failing and/or refusing to pay Plaintiff and the Plaintiff Class, comprised of all current and former similarly situated employees who work or have worked over forty (40) hours per week, overtime compensation pursuant to FLSA §207.

73.     Burger King has been operating its business since 1954, and is well aware of the FLSA, its provisions and exemptions, and knew or should have known that just because an employee was training for an exempt position did not mean that they could be placed in non-exempt positions for many months without being paid overtime wages.

74.     Likewise, Defendant is well aware, and should be, that the title of "COACH" does make the non-exempt position exempt under the FLSA, and that the Coach position does not and cannot satisfy either the Executive or Administrative Exemptions under the FLSA.

75.     Burger King knowingly and willfully misclassified Plaintiff and all other employees similarly situated, comprised of the Plaintiff Class, as exempt for the purposes of decreasing costs and maximizing profitability.

76.     Burger King knew or should have known that the act of paying Plaintiff and other employees similarly situated, comprised of the Plaintiff Class, on a salary basis,

without more, is insufficient to evade the wage and hour requirements of the FLSA.

77. The widespread nature of Burger King's failure to pay overtime under the FLSA is demonstrative of Burger King's willful plan and scheme to evade and avoid paying overtime to all of their Operation Coach Employees in training who are used to perform menial tasks such as burger flipping.

78. As a result of Burger King's violations of the FLSA, Plaintiff and the Putative Classes, comprised of all other employees similarly situated, have suffered damages by Burger King's failure to pay overtime compensation in accordance with FLSA §207.

79. Burger King has not made a good faith effort to comply with the FLSA, and the overtime compensation requirements with respect to Plaintiff and the putative classes of similarly situated employees.

80. Due to Burger King's willful violation of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

81. As a result of Burger King's unlawful acts, Plaintiff and the Classes of similarly situated employees, have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

82. Additionally, Plaintiff seeks a declaratory judgment as to the above allegations; that the Defendant purposely and uniformly misclassified all trainees in the Leadership Development Programs and the position of Sales, Profit and Operation Coach

as exempt under the FLSA, which has resulted in less than all of the compensation due to him and the class of similarly situated employees.

**WHEREFORE**, Plaintiff, Torres Roman, individually, and on behalf of other past and present trainees in the Burger King Leadership Development Program and all Sales, Profit and Operation Coaches, request the following relief:

a. Designation of this action as a collective action.

b. That Torres Roman be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present employees hired by Burger King as trainees in the Leadership Development Program and Coaches at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for each respective class;

c. Designate the Named Plaintiff as a Representative of the Collective Classes for purposes of engaging in mediation, with the authority to execute any Collective Class settlement agreement the parties might reach, which is subject to Court's approval before making any such agreement binding.

d. That all past and present Employees training to become Operation Coaches and all Coaches be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit;

e. That the Court find Burger King in violation of the overtime compensation provisions of the FLSA;

f. That the Court find Burger King's violation of the FLSA was and is willful;

g. That the Court enjoin Burger King, pursuant to *29 U.S.C. §217*, from withholding future payment of overtime compensation owed to members of the Plaintiff Class.

h. That the Court award to Torres Roman, and the Putative Classes, overtime compensation for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime

    compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

i. That the Court award Mr. Torres Roman and the Putative Classes reasonable attorneys' fees, costs and expenses of this litigation pursuant to FLSA §216, including expert fees;

j. That the Court awards Mr. Torres Roman a Class Representative fee for the justice he sought out on for so many.

k. That the Court issue a declaratory judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 for that practices complained of herein and that the Defendant violated the FLSA, and that such violation was purposely and uniformly misclassified all Employees hired as trainees in the Leadership Development Program and Coaches as exempt, which has resulted in a loss of compensation due to them in wages;

l. Pre-judgment and post-judgment interest, as provided by law: and

m. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted by,

_____
Mitchell L. Feldman, Esq.
Florida Bar No. 0080349
mfeldman@ffmlawgroup.com
**FELDMAN LAW GROUP, P.A.**
1715 N. Westshore Blvd., Suite #400
Tampa, Florida 33607
(813) 639-9366 Tel.

                  (813) 639-9376 Fax
                  *Lead & Trial Counsel for Case & Class*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 5th day of February 2015, a true and correct copy of the foregoing was filed using the Court's CM/ECF electronic filing system, which will send electronic Notices of this filing to all interested parties.

                _____
                Mitchell L. Feldman, Esq.
                Florida Bar No. 0080349