IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20455-KMM

RONALD JOSEPH TORRES ROMAN,
Individually and on behalf of all others
similarly situated,

    Plaintiffs,

vs.

BURGER KING CORPORATION,

    Defendant.
_____/

**ORDER ON MOTION FOR CONDITIONAL
CERTIFICATION OF COLLECTIVE CLASSES**

THIS CAUSE came before the Court upon Plaintiff's Motion for Conditional Certification of Collective Classes and Issuance of Notice (ECF No. 45). Defendant filed a Response (ECF No. 53) and Plaintiff filed a Reply (ECF No. 59). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Response, the Reply, pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons set forth below, the Court now enters the following Order.

**I.  BACKGROUND**

Named Plaintiff Ronald Joseph Torres Roman brought the instant action against Defendant Burger King Corporation ("BKC") under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201 et seq., alleging that Defendant willfully misclassified its "Trainees" and "Sales, Profit and Operation Coaches" (hereinafter "Coaches") as exempt employees and failed to pay them overtime compensation. Mot. at 1 (ECF No. 45).

Plaintiff alleges that the Trainees were misclassified as exempt employees because, among other reasons, they spent the majority of their time performing menial, laborious and nonexempt job duties, such as cooking, and that they did not supervise other employees or use their discretion and independent judgment with respect to matters of significance such that they are not exempt from the overtime provisions of the FLSA.  Mot. at 2.  Plaintiff further alleges that the Coaches were misclassified as exempt employees because, among other reasons, their primary job duty was to perform audits of Burger King franchise restaurants using automated, routine and standardized audit forms.  Id.  Plaintiff worked as both a Trainee and a Coach for Defendant from July 2012 to April 2013.  Compl. at 12 (ECF No. 1).  Plaintiff is joined by thirty-six current and former Trainees and Coaches who have filed Notices of Consent to Join.  See ECF Nos. 7, 9, 17, 21, 24, 25, 42, 43, 44.

Plaintiff now moves to conditionally certify two collective classes: (i) Coaches, consisting of "[a]ll persons currently employed by Burger King or previously employed by Burger King within the 3 years preceding the filing of this lawsuit in the position of Sales, Profit and Operations Coach who elect to opt-in to this action pursuant to § 216(b);" and (ii) Trainees, consisting of "[a]ll persons currently employed by Burger King or previously employed by Burger King within the 3 years preceding the filing of this lawsuit who were classified as a "Trainee," "Coach Trainee," or "Operations Trainee" who spent greater than 2 weeks working in Burger King restaurants during their training, and who elect to opt-in to this action pursuant to § 216(b)."  Mot. at 4.

## II.   LEGAL STANDARD

The FLSA authorizes collective actions against employers for unpaid minimum wage and overtime compensation.  29 U.S.C. § 216(b).  Specifically, section 216(b) provides that an action "may be maintained . . . by any one or more employees for and on behalf of himself or

2

themselves and other employees similarly situated." Id. The FLSA permits a plaintiff to bring a collective action on behalf of similarly-situated persons subject to the requirements that prospective plaintiffs file a written consent in the court where the action is brought. 29 U.S.C. § 216(b); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001). Unlike a class action brought under Rule 23 of the Federal Rules of Civil Procedure, a collective action brought under the FLSA can include only those plaintiffs who affirmatively opt in to the action by filing their consent in writing in the court in which the action is brought. 29 U.S.C. § 216(b).

## III.   ANALYSIS

The Eleventh Circuit has held that in order to grant conditional collective action certification and issue notice to putative class members, the Court must satisfy itself that there are other employees who: (1) are similarly situated with regard to their job requirements and pay provisions, and (2) desire to opt in to the case. Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567–68 (11th Cir. 1991). The plaintiff bears the burden of satisfying these requirements. See Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). The plaintiff must show with "detailed allegations supported by affidavits, which successfully engage defendant's affidavits to the contrary," that there is a "reasonable basis" for his claim that there are other similarly situated employees. Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007).

### i.   Similarly situated

Courts commonly consider five factors at the conditional certification stage in determining whether members of a class are similarly situated: (1) whether plaintiffs held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker; and (5) the degree to which the actions constituting the

3

claims violations are similar.  See Rojas v. Garda CL Se., Inc., 297 F.R.D. 669, 697 (S.D. Fla. 2013); Smith v. Tradesmen Int'l, Inc., 289 F. Supp. 2d 1369, 1372 (S. D. Fla. 2003); Stone v. First Union Corp., 203 F.R.D. 532 (S. D. Fla. 2001)).  No single factor is dispositive.  Rojas, 296 F.R.D. at 697.  Plaintiffs need "only demonstrate that their positions are similar, not identical, to the positions of the potential class plaintiffs."  Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007).  The decision to create an opt-in collective action remains "soundly within the discretion of the district court."  Hipp, 252 F.3d at 1216.

The Court will address each factor in turn.  In regards to the first factor, the Court finds that all of the Opt-In Plaintiffs held the same job titles.  Plaintiff has presented the Declarations of twenty-five (25) former Coaches, many of whom began their employment with Burger King as Trainees.  Plaintiff has also presented the Declarations of five (5) former employees who worked only as Trainees.  Plaintiff has also provided the job posting for the Coach position from an employment website showing one job description, indicating uniformity regardless of geographic location.  Accordingly, this factor weighs in favor of finding members of the class are similarly situated.

With regard to the second factor, the Court finds that the potential class members did not work in the same geographic location.  According to Plaintiff's Motion, the Opt-In Plaintiffs trained and/or worked in at least twenty-one (21) states throughout the country.[1]  This factor weighs against finding that members of the class are similarly situated.

The third factor considers whether the alleged violations occurred during the same time period.  Here, Plaintiff's employment with Defendant ran from July 27, 2012 to April 4, 2013.  The majority of the Opt-In Plaintiffs were employed by Defendant during the same period.

---

[1] The Opt-In Plaintiffs trained and/or worked in Arizona, Iowa, Pennsylvania, Indiana, New York, Florida, Ohio, Kansas, Illinois, Georgia, Nebraska, Tennessee, New Jersey, Maryland, South Carolina, Texas, Minnesota, North Carolina, Michigan, Virginia, and New Hampshire.

Accordingly, Plaintiff's claim for unpaid overtime wages for the three years prior to the filing of the Complaint covers the same period of alleged violations of other members of the class.[2] This factor weighs in favor of finding that members of the class are similarly situated.

The fourth factor examines whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker. Defendant argues that Plaintiff's claims require consideration of each potential plaintiff's specific experiences and activities. Resp. at 2. Defendant contends that Plaintiff has failed to explain how this case can determine, on a collective basis, whether numerous individuals were exempt without the case devolving into a series of mini-trials. Id. at 3. However, the Declarations submitted by the Opt-In Plaintiffs show a common practice or scheme that they, as Trainees and/or Coaches, were classified by Defendant as exempt employees, had to work overtime, and were not paid overtime wages. At the conditional certification stage, the Court finds that Defendant's decision to classify all Trainees and Coaches as exempt from overtime under the same FLSA exemption supports a finding that they are similarly situated.

Finally, the fifth factor considers the degree to which the actions constituting the claimed violations are similar. Here, Plaintiff and Trainee Opt-In Plaintiffs similarly allege that: (1) they worked more than forty (40) hours a week and were not paid overtime wages; (2) they performed standardized duties and had the same job responsibilities; and (3) they spent the majority of their time working in restaurants performing non-exempt jobs such as cooking and serving customers.

---

[2] Defendant states that in March 2014, the audits described by Plaintiffs were removed from the Operations Coaches' duties and outsourced to a third-party company. Accordingly, Defendant maintains that the Court should limit the collective class to only those Operations coaches who worked in that position prior to March 2013. However, Plaintiff does not exclusively rely on the Operations Coaches' audit duties in arguing that they were misclassified. Accordingly, the Court does not find it appropriate to limit the class period at this stage of the proceedings.

Likewise, Plaintiff and Coach Opt-In Plaintiffs similarly allege that: (1) they worked more than forty (40) hours per week; (2) they performed standardized job duties; (3) they were required to following standardized policies and procedures; (4) they were all paid a quarterly non-discretionary bonus based on the performance and sales of Burger King restaurants in their territories; (5) they were required to work at least seven to eight hours a day in the restaurants they were assigned to; and (6) they were all required to follow a quarterly store visit schedule. Plaintiffs and Opt-In Plaintiffs all allege that they were subjected to these same policies and practices while being denied overtime by Defendant in violation of the FLSA.  The Court finds that at this stage of the proceedings, an evaluation of the fifth factor weighs in favor of finding that the actions constituting the claims violations are similar.

Accordingly, upon weighing the relevant factors and considering the information presented, the Court finds that Plaintiff has met his burden in showing a reasonable basis to support his claim that there are other similarly situated employees.

### ii.     Desire to opt in

The Court also finds that the Declarations of the Opt-In Plaintiffs and the Complaint support the conclusion that others who are similarly situated will opt in.  At this point, thirty-six Opt-In Plaintiffs have filed their Notices of Consent to Join.  It is reasonable to expect that others will desire to opt in as well.

### IV.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion to Certify is GRANTED.

The Court hereby recognizes this matter as a collective action under § 216(b) of the FLSA and conditionally certifies the following Classes:

    i.    All persons currently employed by Burger King or previously employed by Burger King within the three years preceding the filing of this lawsuit in the position of Sales, Profit and Operations Coach who elect to opt-in to this action pursuant to § 216(b);

    ii.    All persons currently employed by Burger King or previously employed by Burger King within the three years preceding the filing of this lawsuit who were classified as a "Trainee," "Coach Trainee," or "Operations Trainee" who spent greater than two weeks working in Burger King restaurants during their training, and who elect to opt-in to this action pursuant to § 216(b).

It is further ORDERED that:

    i.    Plaintiff is permitted to notify all similarly situated individuals of the pendency of this action and of their statutory right to opt-in to this action and to become a party;

    ii.    The Parties shall confer and agree regarding the form, content, and method of the Notice. The Parties are directed to submit a Joint Notice to the Court within fourteen (14) days of the date of this Order;

    iii.    Ronald Joseph Torres Roman is hereby appointed as the Class Representative with authority to negotiate on behalf of the Classes.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of June, 2015.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:    All counsel of record